OPINION *Page 2 
{¶ 1} Erica Conethan appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated her parental rights in her three children who were ages fourteen, nine, and eight as of the final hearing. The court awarded permanent custody of the children to appellee Stark County Department of Job and Family Services. Appellant assigns a single error to the trial court:
 {¶ 2} "I. WHETHER THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 3} Appellant's appeal only addresses the court's finding a grant of permanent custody to the agency was in the best interest of the minor children.
 {¶ 4} R.C.2151.414 (D) states in pertinent part:
 {¶ 5} "(B)(1) * * * the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 6} (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents. *Page 3 
 {¶ 7} (b) The child is abandoned.
 {¶ 8} (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 9} (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 10} The trial court made findings of fact and conclusions of law regarding the children's best interest. The court cited the factors contained in R.C. 2151.414 (D)(1):
 {¶ 11} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 12} (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 13} (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 14} (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 15} (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child." *Page 4 
 {¶ 16} Factor (E)(10) of 2151.414 is whether the child has been abandoned. The court found appellant and the children's fathers have all abandoned the children, and no other individuals have come forward. Appellant does not challenge these findings.
 {¶ 17} The trial court's findings of fact indicate the children have strongly bonded with their mother but not with each other.
 {¶ 18} The guardian ad litem opposed the motion for permanent custody because she believed the children would react negatively if they felt they would never see their mother again. The guardian ad litem testified the children do not believe appellant has failed to work on her case plan. They attend church with their foster mother which happens to be the same church their relatives attend. The children identify with these relatives. None of the children wishes to be adopted, and in the guardian's opinion, the youngest child has no possibility of adoption. She suggests permanent planned living arrangements for all three, or a change of legal custody would be a more appropriate alternative than permanent custody for the youngest child.
 {¶ 19} The case worker assigned by appellee testified either planned permanent living arrangements or permanent custody would be hard on the children. However, the guardian ad litem stated she believes permanent custody puts more expectations and more pressure on a child and on the placement. The guardian ad litem stated she believed the oldest child was not appropriate for adoption because of his age, and the younger children might eventually be adoptable but not until their behavior stabilizes.
 {¶ 20} The children's psychologist testified all three children have had difficulty dealing with being removed from their mother. The case worker testified all three exhibit behavioral problems, the oldest less so than the two younger children. The *Page 5 
psychologist believes their negative behavior is likely caused by feelings of abandonment and by their prior exposure to domestic violence. The psychologist indicated every child hopes to return home, but here, the children's false, unrealistic hope of returning to appellant is impeding their progress in therapy. Essentially, the children do not believe they need to change their behavior because their mother will be able to take care of it when they return to her. In the alternative the children would like to be placed with relatives, but this is not an option.
 {¶ 21} The psychologist opined permanent custody is necessary if the children are to make progress. The psychologist testified the benefit of permanency outweighs the harm caused by severing the bond with their mother, and the children could recover. Ultimately it would be positive for them to have finality.
 {¶ 22} The case worker felt the concept of permanent custody would have to be fully explained to them, and they would initially be more disruptive.
 {¶ 23} The court found all three children to be adoptable. The court specifically found extending temporary custody to allow the parents to work on their case plans is not in the children's best interest because the parents will not be able to remedy the initial problems in this case anytime within the foreseeable future. The trial court determined despite the bond between appellant and the children, the harm caused by severing the bond with appellant is outweighed by the benefits of permanency in their lives. The trial court concluded the children deserve to be in a stable, loving environment, and therefore it was in the best interest of the children to grant permanent custody to the agency so they may be adopted. *Page 6 
 {¶ 24} Appellant argues the testimony given at trial does not provide clear and convincing evidence that a grant of permanent custody is in the best interest of the children, and as a result, the court's judgment is against the manifest weight and sufficiency of the evidence.
 {¶ 25} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses, but rather, our role is to determine whether there was relevant, competent and credible evidence upon which the factfinder can base its judgment, In Re: Jones, Guernsey App. No. 06CA9, 2006-Ohio-3363, at paragraph 8, citations deleted. Judgments supported by some competent credible evidence going to all the essential elements of the case may not be reversed as being against the manifest weight of the evidence, Id., citing C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St. 2d 279, 376 N.E. 2d 578.
 {¶ 26} The Supreme Court has defined clear and convincing evidence as the decree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is more than a preponderance of the evidence but does not rise to the level of beyond a reasonable doubt, In Re: Estate ofHaynes (1986), 25 Ohio St. 3d 101, 495 N.E. 2d 23. This court must review the record to determine whether the evidence is sufficient to satisfy the requisite degree of proof, Jones, at paragraph 11, citations deleted.
 {¶ 27} The trial court correctly found it could not consider a planned permanent living arrangement for any of the children because the agency had not requested this disposition, see R.C. 2151.353 (A)(5); In Re:A.B., 110 Ohio St. 3d 230, 2006-Ohio-4359, 852 N.E.2d 1187. *Page 7 
 {¶ 28} We have reviewed the record, and we find there was sufficient competent and credible evidence presented to the trial court to support its judgment the children were in need of a permanent stable and loving home. Despite the children's wishes and the guardian ad litem's misgivings, the court could properly conclude from the evidence before it a grant of permanent custody to appellee was the best option available under the circumstances. For this reason, we find the court's decision was not against the manifest weight and sufficiency of the evidence.
 {¶ 29} The assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1